UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSEHOFF, LTD.,

             Plaintiff,

      v.                                                                21-CV-399-LJV-LGF
                                                    DECISION & ORDER

CATACLEAN AMERICAS, LLC, *et al.*,

             Defendants.

_____

       On March 17, 2021, Rosehoff, Ltd. ("Rosehoff"), commenced this action under

the Lanham Act, the New York General Business Law, and New York State common

law against Cataclean Americas, LLC ("Cataclean Americas"); Truscott Terrace

Holdings, LLC; Truscott Terrace Holdings Group, LLC; Truscott Terrace International

Holdings Group, LLC; and Gordon and Gregory Gannon.  Docket Item 1; Docket Item 4

(amended complaint).  Rosehoff alleged that the defendants "repeated[ly], willful[ly], and

egregious[ly] misappropriat[ed]" and unlawfully used "intellectual property associated

with the Cataclean [product]."[1]  Docket Item 4 at ¶ 8 (capitalization omitted).

_____

     [1] Rosehoff claims that it and "its wholly-owned subsidiary, System Products U.K.
Ltd. . . . are the "exclusive owners of [] intellectual property associated with []
Cataclean," a "chemical compound fuel and exhaust system cleaner."  Docket Item 17-
10 at ¶¶ 2-3.

     Rosehoff sometimes refers to its subsidiary as "System Products" and
sometimes as "Systems Products."  *See generally* Docket Items 4, 17-10, 27-1.
Because the latter appears to have been the product of a typo, and for the sake of
consistency, this Court refers to "System Products" throughout the opinion.

On November 28, 2022, this Court denied both Cataclean Americas' motion to dismiss and Rosehoff's motion for summary judgment.  Docket Item 26.  About one month later, Rosehoff moved for reconsideration of the Court's denial of its motion.  Docket Item 27.  The defendants then responded, Docket Item 35, and Rosehoff replied, Docket Item 36.

For the reasons that follow, the Court denies Rosehoff's motion for reconsideration.

## BACKGROUND[2]

In July 2008, System Products and Cataclean Americas executed a license agreement.  *See* Docket Item 17-10 at ¶ 8; Docket Item 22 at 4; Docket Item 17-5 at 4-19 (copy of agreement).  Both parties say that agreement allowed Cataclean Americas to sell Cataclean, *see* Docket Item 17-10 at ¶ 8; Docket Item 22 at 2, but they disagree about other aspects of that agreement.

As the Court noted in its previous decision, the source of the parties' dispute lies in the fact that the license agreement apparently provides both that the agreement may be terminated and that it is irrevocable.  *See* Docket Item 26 at 3.  For instance, clause 4.2.5 provides that "[System Products] may terminate th[e] agreement" for a breach by Cataclean Americas.  Docket Item 17-5 at 8.  And clause 18 states that "[t]he

---

[2] This Court assumes familiarity with the factual and procedural background as stated in its previous decision, *see* Docket Item 26, and refers to that background only as necessary to explain its decision here.  Because Rosehoff is asking this Court to reconsider its motion for summary judgment, the Court—as it did previously—views all facts in the light most favorable to the defendants.  *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011); Docket Item 26 at 2 n.1.

contractual relationship can be dissolved prior to the expiry of the Term by either party without notice of termination if the other party materially breaches any term or provision of th[e] agreement or if compelling grounds are present." *See* Docket Item 17-5 at 19 (listing five such compelling grounds). But the agreement also explicitly provides Cataclean Americas with an "exclusive *irrevocable* licence [sic]." *See id.* at 5 (emphasis added). The agreement does not explain how to reconcile those provisions.

Rosehoff contends that in August 2011, System Products invoked clauses 4.2.5. and 18 to terminate the agreement "due to [the] [d]efendants' breaches." Docket Item 17-10 at ¶¶ 11-12. In fact, System Products sent a letter to Cataclean Americas informing it of that termination and stating that "the contractual relationship between [System Products] and Cataclean Americas . . . is hereby dissolved with immediate effect." Docket Item 17-5 at 21. But despite that purported termination, the defendants continued to associate themselves with the Cataclean product and failed to comply with Rosehoff's request that they stop doing so. *See* Docket Item 17-10 at ¶¶ 17, 22-24; *see also* Docket Item 26 at 4 (summarizing that series of events).

In response, Rosehoff filed this action as described above, Docket Items 1, 4, and on September 13, 2021, it moved for summary judgment, Docket Item 17. Rosehoff argued that System Products had terminated the license agreement consistent with the terms of that agreement. Docket Item 17-9 at 10. It also argued that even if the Court found that Rosehoff had not established that the termination was indisputably proper, any "challenge" to it was "time[ ]barred." *Id.* at 11. Noting that a "six-year statute of limitations" applied to breach of contract claims under the law of New

York, England, and Wales,[3] Rosehoff argued that the defendants were required to challenge the termination by August 2017 and that their failure to do so meant they could no longer assert rights under the license agreement. *Id.* at 11. Thus, Rosehoff concluded, the defendants were violating Rosehoff's trademark rights, and Rosehoff was "entitled to judgment as a matter of law." *Id.* at 12; *see also id.* at 14-15.

This Court disagreed. Docket Item 26. First, it found that—despite Rosehoff's contentions to the contrary—the license agreement was ambiguous because the evidence offered could reasonably support both parties' interpretations. *Id.* at 12-14. In other words, the Court found that it could not determine, on a motion for summary judgment, that the agreement between System Products provided for "a revocable, non-exclusive license" rather than—as the defendants contended—"an exclusive, irrevocable license." *Id.* And for that reason, the Court could not find that System Products had properly terminated the license agreement in 2011 as a matter of law. *Id.* at 10-14.

Moreover, because Rosehoff had not shown as a matter of law that the license was revocable, the Court found that Rosehoff's statute of limitations argument "misse[d] the mark." *Id.* at 15. The Court reasoned that "[i]f the license agreement is truly

---

[3] As this Court noted in its previous decision, Rosehoff maintains that the license agreement "must be interpreted by the laws of England and Wales," Docket Item 24-1 at 5, although it almost exclusively cites New York and federal law, s*ee* Docket Item 26 at 11 n.4. And so as before, "[i]n view of the parties' briefing," the Court "assume[s] that they do not rely on any distinctive features of English [or Welsh] law and . . . therefore base[s] [its] decision on general contract law principles." *See John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (Alito, J.); *see also Azima v. RAK Inv. Auth.*, 926 F.3d 870, 876 (D.C. Cir. 2019) (same); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (same).

irrevocable," then it would have been legally impossible for System Products to terminate it in 2011, and the time to challenge any purported termination could not have expired.  *Id.* at 14-15.  Accordingly, it denied Rosehoff's motion for summary judgment.[4]

Rosehoff now asks this Court to reconsider its decision, arguing that the Court's determination of Rosehoff's statute of limitations argument was "incorrect."  Docket Item 27; Docket Item 27-1 at 2.  More specifically, Rosehoff contends that System Products' "August 2011 termination letter constituted an anticipatory repudiation of the [l]icense [a]greement," and that the "anticipatory repudiation" necessarily "triggered the commencement of the statute of limitations on any breach of contract claim [Cataclean Americas] might have [had] based on the [l]icense [a]greement."  *Id.* (underlining omitted).  "In other words," it says, "regardless of whether the [l]icense [a]greement was arguably 'revocable' or 'irrevocable,' [Rosehoff's] anticipatory repudiation of [that] [a]greement in 2011 triggered the [six-year] statute of limitations for [Cataclean Americas] to try to enforce any rights it had under the [l]icense [a]greement."  And because that statutory period has long "expired," Rosehoff is entitled to summary judgment.  *Id.* at 2-3.

The defendants disagree, arguing that Rosehoff's motion is procedurally flawed and that it offers only a "re-hash of the arguments . . . already advanced and . . . rejected."  Docket Item 35 at 2-3.  For the reasons that follow, this Court agrees with the defendants.

---

[4] The Court also denied Cataclean Americas' motion to dismiss, Docket Item 11, as procedurally defective.  Docket Item 26 at 7-10.

## **LEGAL PRINCIPLES**

Under Federal Rule of Civil Procedure 54(b):

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); *see also Ifedigbo v. Buffalo Pub. Sch.*, 2018 WL 2901331, at *1 (W.D.N.Y. June 11, 2018) (reciting that standard).

Although "Rule 54(b) gives district courts broad discretion to reconsider, reverse, or modify interlocutory orders previously entered in a case," *Vornado Realty Tr. v. Marubeni Sustainable Energy, Inc.*, 987 F. Supp. 2d 267, 275 (E.D.N.Y. 2013) (citing, *inter alia*, *Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir.1999)), "[t]he standard for granting . . . a motion [for reconsideration] is strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The[] criteria [for granting such a motion] are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *United States v. Cottom*, 2023 WL 6825281, at *1 (W.D.N.Y. Oct. 17, 2023).  In fact, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

6

"Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision." *Ifedigbo*, 2018 WL 2901331, at *1. As the Second Circuit has stated, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways*, 956 F.2d at 1255.

## DISCUSSION

Rosehoff appropriately moved under Federal Rule of Civil Procedure 54(b) for reconsideration of this Court's previous decision.[5] *See* Docket Item 27; Docket Item 27-1 at 3. But because Rosehoff has not shown that reversal of that decision is warranted, its motion is denied.

As noted above, reconsideration may be justified when the moving party points to "an intervening change of controlling law," "new evidence," or "the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255. But in

---

[5] Rosehoff brought its motion "[p]ursuant to" Federal Rule of Civil Procedure 54(b) as well as Rule 60(b). Docket Item 27-1 at 3. But Rule 60(b) "applies only to relief from a 'final judgment, order, or proceeding'" and cannot be relied upon as a basis to seek relief from an interlocutory order such as a denial of summary judgment. *See Mallek v. Allstate Ins. Co.*, 2023 WL 3513783, at *2 (2d Cir. May 18, 2023) (summary order) (quoting Fed. R. Civ. P. 60(b)). In fact, it is somewhat unclear why Rosehoff cites Rule 60(b) as a basis for its motion, given that it describes that rule as "permitting the Court to relieve a party from a *final* judgment, order[,] or proceeding," Docket 27-1 at 3 (emphasis added) (internal quotation marks omitted), and cites a law review article that notes that Rule 60(b) is inapplicable to interlocutory orders, *id.* at 3 n.1; *see also id.* at 10-13 (law review article attached as exhibit).

The defendants contend that Rule 54(b) is also "[a]rguably . . . inapplicable" here. Docket Item 35 at 2. But the Second Circuit has held that a district court may "proper[ly]" reconsider a denial of summary judgment under Rule 54(b). *Mallek*, 2023 WL 3513783, at *1-2.

7

its memorandum in support of the motion for reconsideration, Rosehoff does not cite any change in the case law or new facts. *See generally* Docket Item 27-1. For example, Rosehoff does not argue that controlling precedent issued after this Court's decision altered the legal landscape in a way that requires a second look here. *See generally id.* Instead, its argument hinges on its insistence that—as it argued previously, *see* Docket Item 17-9 at 11-12—System Products terminated the license agreement with Cataclean Americas in 2011, and any challenges of that termination are barred by the six-year statute of limitations that applies to breach of contract claims under the relevant law, Docket Item 27-1 at 4-7. Indeed, the only exhibits it attaches to its motion for reconsideration, *id.* at 15, are a law review article about reconsideration motions, *id.* at 10-13, and the termination letter that was submitted previously to this Court in support of its motion for summary judgment, *see* Docket Item 27-1 at 15; Docket Item 17-5 at 21.

The only arguably novel element that Rosehoff introduces is its claim that System Products' 2011 termination letter constituted an "anticipatory repudiation" of the agreement. Docket Item 27-1 at 6; *see* Docket Item 17-9 at 11-12 (arguing that the statute of limitations barred any potential claim by Cataclean Americas under the contract without describing the termination letter as an anticipatory repudiation). That is not a new fact but an attempt to repackage its previous arguments in the guise of a new legal theory. And a district court need not consider arguments made on a motion for reconsideration that could have been made earlier. *See Mallek*, 2023 WL 3513783, at *2 (noting that "a new argument may not be raised in a motion for reconsideration"); *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (holding that

8

"arguments . . . raised for the first time in plaintiffs' motion for reconsideration" had not been "properly presented to the district court" and therefore were "waived"); *Benitez v. King*, 2020 WL 4933674, at *5 (W.D.N.Y. Aug. 24, 2020) ("A party may not use a motion for reconsideration to present new theories or arguments that could have been raised earlier or to otherwise take a second bite at the apple." (alterations, citation, and internal quotation marks omitted)).

So, because Rosehoff's motion for reconsideration is based solely on a new legal argument, it has not shown that overturning the prior decision is required to "correct a clear error or prevent manifest injustice."  *See Virgin Atl. Airways*, 956 F.2d at 1255. Rosehoff may be unhappy with the Court's previous decision, but that is simply not enough to require this Court to revisit it.  *See Ifedigbo*, 2018 WL 2901331, at *2 (holding that the "use of a motion to reconsider as a vehicle to reargue a case is improper" notwithstanding plaintiff's "obvious[] dissatisf[action]" with the previous decision); *Nova v. Rocker*, 2023 WL 8933430, at *2 (W.D.N.Y. Dec. 27, 2023) ("[A] motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)).

Moreover, even if Rosehoff had properly raised its "anticipatory repudiation" argument in its motion for summary judgment, it is unclear why that should have changed this Court's decision.

As explained above, Rosehoff contends that the purported "anticipatory repudiation" of the license agreement "triggered" the applicable six-year statute of limitations, so that the defendants' time to challenge that termination ran out in August 2017.  Docket Item 27-1 at 2-7.  And Rosehoff is correct that in a case of anticipatory

repudiation, the statute of limitations may begin to run before the date of the

performance. *See Franconia Associates v. United States*, 536 U.S. 129, 144 (2002).

But as the Supreme Court has explained, under that doctrine,

> the time of accrual depends on whether the injured party chooses to treat
> the repudiation as a present breach. If that party elects to place the
> repudiator in breach before the performance date, the accrual date of the
> cause of action is accelerated from the time of performance to the date of
> such election. But if the injured party instead opts to await performance,
> the cause of action accrues, and the statute of limitations commences to
> run, from the time fixed for performance rather than from the earlier date of
> repudiation.

*Id.* (alterations, internal citations, and internal quotation marks omitted). In other words,

"[r]esort to th[e] doctrine [of anticipatory repudiation] is at the election of the non-

breaching party." *Saewitz v. Epstein*, 6 F. Supp. 2d 151, 156 (N.D.N.Y. 1998).

So the mere fact that Rosehoff considered the 2011 letter to be an anticipatory

repudiation of the contract would not—by itself—trigger the statute of limitations unless

Cataclean Americas elected to regard it as such. And because there is at the very least

a question of material fact as to whether Cataclean Americas treated that letter as an

anticipatory repudiation, *see, e.g.*, Docket Item 17-10 at ¶¶ 17, 22, 24 (describing

defendants' continued association with the Cataclean product); Docket Item 22 at 2-3

(contesting whether 2011 letter constituted a termination); Docket Item 35 at 4-5

(same), Rosehoff's contention that System Products "repudiated" the license agreement

does not change the Court's previous analysis. As before, the Court notes that "[i]f the

license agreement is truly irrevocable," then System Products could not have terminated

it, Docket Item 26 at 14—even by (purportedly) repudiating it.[6]  And so Rosehoff's

contention that the previous decision was "incorrect" is without merit.

### CONCLUSION

For the reasons above, Rosehoff's motion for reconsideration of the Court's

denial of summary judgment is DENIED.


SO ORDERED.

Dated:  February 9, 2024
        Buffalo, New York


                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE

---

[6] What is more, Rosehoff's motion for reconsideration essentially tries to
bootstrap a request for the Court to rule on the viability of the defendants'
counterclaims, *see* Docket Item 5 (defendants' answer bringing three counterclaims
against Rosehoff), into an argument that it is entitled to summary judgment on its own
claims, *see* Docket Item 27.  And that does not merit relief here.